1    SUSAN ELIZABETH SEABROOK (AZ BN: 10718)
     SSeabrook@winston.com
2    WINSTON & STRAWN LLP
     1901 L Street NW
3    Washington, DC 20036
     Telephone:   (202) 282-5000
4    Facsimile:   (202) 282-5100

5    KRISHNAN PADMANABHAN (*pro hac vice forthcoming*)
     *kpadmanabhan@winston.com*
6    WINSTON & STRAWN LLP
     200 Park Ave.
7    New York, NY  10166
     Telephone:   (212) 294-3564
8    Facsimile:   (212) 294-4700

9    Attorneys for Plaintiff
     CABLE ONE, INC.

10

11

12              **IN THE UNITED STATES DISTRICT COURT**

13                     **DISTICT OF ARIZONA**

14

15   CABLE ONE, INC.,                    Civil Action No.: _____

16              Plaintiff,               **COMPLAINT FOR DECLARATORY**
                                         **JUDGEMENT**
17        v.

18   DATACLOUD TECHNOLOGIES,             **JURY TRIAL DEMANDED**
     LLC
19
              Defendant.
20

21

22

23

24

25

26

27

28

Plaintiff, Cable One, Inc. ("Cable One" or "Plaintiff") for this Complaint and Jury Demand against Defendant DataCloud Technologies, LLC ("Defendant") upon personal knowledge of their own actions, and information and belief as to all other matters, as follows.

## I.     NATURE OF ACTION

1.     This is an action for declaratory judgment of non-infringement of U.S. Patent Nos. 6,560,613 (the "'613 patent"), 6,651,063 (the "'063 patent"), 7,209,959 (the "'959 patent"), and 8,762,498 (the '498 patent") (collectively, the "Asserted Patents") under Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* 2, and the Arizona Patent Troll Prevention Act, Ariz. Rev. Stat. § 44-1422 *et seq.*

2.     Cable One seeks relief because Defendant has made it clear through correspondence to Cable One that it intends to sue Cable One for alleged infringement of the Asserted Patents.

## II.     THE PARTIES

3.     Plaintiff Cable One is a Delaware corporation with its principal place of business at 210 E. Earll Drive Phoenix, Arizona 85012.

4.     On information and belief, Defendant is a limited liability company under the laws of the State of Georgia with its principal place of business at 44 Milton Ave., Suite 254, Alpharetta, Georgia 30009.

5.     On information and belief, Defendant is subsidiary of Brainbox Innovations, LLC ("Brainbox"), a limited liability company under the laws of the State of Georgia with its principal place of business at 44 Milton Ave., Suite 254, Alpharetta, Georgia 30009.

6.     On information and belief, Brainbox has at least four additional subsidiaries that assert patent portfolios: CDN Innovations, LLC, DataCloud Technologies, LLC, CommWorks Solutions, LLC, and Hanger Solutions, LLC.

## III.     FACTUAL BACKGROUND

7.     On May 4, 2022, Defendant's counsel sent a Cable One representative a demand letter stating that Defendant "would like to bring to your attention the following DataCloud

patents that related to certain of the products and services offered by Cable One, Inc. operating under at least the name 'SparkLight.'" (*See* Exhibit A).  The letter further asserts that "[b]ased on publicly-available information, it is the understanding and contention of DataCloud that Cable One has infringed claims of the [Asserted Patents]." The letter asserts that Cable One has infringed (1) at least claim 8 of the '613 patent by employing virtualizing in its network and systems environment, (2) at least claim 4 of the '063 patent by way of the Cable One Android App, (3) at least claim 1 of the '959 patent by way of Sparklight's website infrastructure, and (4) at least claim 1 of the '498 patent by way of Sparklight's web sites that use Transport Layer Security (TLS) version 1.2 or 1.3.

8.     In all, through its correspondence, Defendant has alleged that Cable One infringes the following claims (individually, an "Asserted Claim," and collectively, "the Asserted Claims"):

- Claim 8 of the '613 patent;
- Claim 4 of the '063 patent;
- Claim 1 of the '959 patent;
- Claim 1 of the '498 patent;

9.     Defendant has alleged infringement of its patents at least seventeen times. *See* Case Nos. 1-20-cv-00764 (DDE); 1-20-cv-00763 (DDE); 2-20-cv-00872 (WDWA); 1-20-cv-01314 (DDE); 1-20-cv-01313 (DDE); 1-21-cv-00155 (DDE); 1-21-cv-00164 (DDE); 1-21-cv-00170 (DDE); 1-21-cv-00837 (DDE); 6-21-cv-00662 (WDTX); 1-21-cv-01020 (DDE); 1-21-cv-01629 (DDE); 6-21-cv-01211 (WDTX); 6-21-cv-01275 (WDTX); 6-22-cv-00786 (WDTX); 1-22-cv-00874 (EDVA); 1-22-cv-01178 (DDE).

The Asserted Patents

10.    The '613 patent issued on May 6, 2003, and is entitled "Disambiguating File Descriptors."  The '613 patent is attached as Exhibit B.  Claim 8 of the '613 patent is reproduced below.

8. A method in a computer system for disambiguating file descriptors, the method comprising:

intercepting system calls that establish a file stored on media;

storing at least one indicator that a file descriptor established by an intercepted system call is associated with a file stored on media, wherein storing an indicator that an established file descriptor is associated with a file stored on media further comprises storing the indicator in a table; and

examining at least one stored indicator to determine with what file type a file descriptor is associated.

11.     The '063 patent issued on November 18, 2003 and is entitled "Data Organization and Management System and Method." The '063 patent is attached as Exhibit C. Claim 4 of the '063 patent is reproduced below.

4. A method for providing information to one or more users of a system comprising the steps of:

storing information to be provided in an information pack;

associating with said information pack at least a user destination address associated with one of a multiplicity of user data repositories each of said user data repositories associated with at least one of said users and a category identifier;

associating with said information pack a provider identifier;

communicating said information pack by means of a network to said user data repository associated with the user destination address;

locating said information pack in a location of said user data repository associated with the user destination address reserved for information corresponding to a category to which said category identifier corresponds; and

further comprising, after said step of communicating the information pack to said user data repository associated with the user destination address, the steps of:

creating a custom location in said user data repository;

placing said information pack in said custom location;

associating a custom category identifier with said information pack;

sending a custom category signal to a processing station uniquely associated with said user data repository including a data storage means and a data processing means, said data storage means storing together said custom category identifier and said provider identifier, and said data processing means analyzing the provider identifier of subsequent of said information packs, comparing said provider identifier of said subsequent information packs with said provider identifier stored in said storage means and in the event of a match between the provider identifier of one of said subsequent information packs and the provider identifier stored in said storage means, placing said one of the subsequent information packs in said custom location.

12. The '959 patent issued on April 24, 2007, and is entitled "Apparatus, System, and Method for Communicating to a Network Through a Virtual Domain Providing Anonymity to a Client Communicating On the Network." The '959 patent is attached as Exhibit D. Claim 1 of the '959 patent is reproduced below.

1. A method comprising:

in response to a request by a client to initiate communication with a destination website;

setting up a forwarding session between the client and a destination server corresponding to the destination website, the forwarding session employing a forwarder disposed between the client and the destination server to forward packets sent from the client to the destination server and to forward packets sent from the destination server to the client;

employing the forwarder to transfer packets between the client and the destination server during the forwarding session, wherein the forwarding session is set up and implemented such that neither the client or the destination server is aware of the employment of the forwarder;

employing a controller configured to communicate with the forwarder and a domain name server, wherein the controller queries the domain name server to resolve the name of the destination website associated with the destination server and initiates communication with the forwarder in response to an answer from the domain name server to resolve the name of the destination website associated with the destination server;

employing a deceiver configured to communicate with the controller and the client, wherein the deceiver receives the request by the client to initiate communication with the destination website and initiates the controller to query the domain name server to resolve the name of the destination website associated with the destination server; and

in response to the controller receiving the answer from the domain name server and initiating communication with the forwarder, initiating the forwarding session

13. The '498 patent issued on June 24, 2014 and is entitled "Apparatus, System, and Method for Communicating to a Network Through a Virtual Domain." The '498 patent is attached as Exhibit E. Claim 1 of the '498 patent is reproduced below.

1. A method, comprising:

determining, by a controller device comprising a processor, a destination internet protocol (IP) address from a plurality of categories for virtual names based on a virtual namespace destination address specified by request data received from a device, wherein a category of the plurality of categories is related to the virtual namespace destination address;

establishing a correlation between the destination IP address and a forwarder IP address of a forwarder device; and

instructing the forwarder device to send the request data to the destination IP address.

## IV.    JURISDICTION AND VENUE

14.    The foregoing paragraphs are incorporated as if set forth herein.

15.    This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 2201 based on a definite and concrete, real and substantial, justiciable controversy between Cable One, on the one hand, and Defendant, on the other hand, for declaratory judgment of patent noninfringement under 28 U.S.C. §§ 1331, 1338, 2201, and 2202. This court has supplemental jurisdiction over the subject matter of the claims for Defendant's violation of the Arizona Patent Troll Prevention Act, Ariz. Rev. Stat. § 44-1422 *et seq.* pursuant to 28 U.S.C. § 1367.

16.    Defendant, via its attorneys directed a demand letter to representatives of Cable One in this District, via Federal Express, on May 24, 2022 alleging infringement of claims of the Asserted Patents, and requesting that Cable One license its patents. (Exhibit A). On August 9, 2022, Defendant's exclusive licensing agent, who on information and belief is also an officer of Defendant, sent an e-mail to representatives of Cable One in this District, to discuss whether Cable One would take a license to its patents. (Exhibit F).  Defendant's exclusive licensing agent also conducted a follow-up licensing telephone call with a Cable One representative in this District on September 7, 2022 related to Cable One's alleged infringement of the Asserted Patents during which he threatened to file suit a patent infringement lawsuit against Cable One, and sent follow-up e-mails to Cable One representative in this District on September 8, 2022, September 22, 2022, September 26, 2022, and October 4, 2022, related to Cable One's alleged infringement and licensing negotiations with Cable One. (Exhibit G).

17.     Defendant's repeated communications directed to this District provided it fair warning that its activity might subject it to the jurisdiction in Arizona, and its negotiation efforts, directed through mail, telephone, and email, into Arizona are activities purposefully directed to Cable One in this District.  By engaging in licensing negotiations, including through the assertion that Cable One infringes the Asserted Patents in this District, defendant has caused harm felt by Cable One in this District and has created a cloud over the business operations of Cable One in this District and has interfered with those business operations.  Further, on information and belief, Defendant's monitor the products and services developed by Cable One in this District and offered by Cable One for sale in this District, on a regular and systematic basis to determine whether Defendant can monetize their patents, whether through license to Cable One, or assertion against Cable One.

18.     As a result of the contacts with this District described in the foregoing paragraphs, Defendant is subject to specific personal jurisdiction in this District with respect to alleged infringement of the Asserted Patents by Cable One.

19.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## V.     COUNT 1

### (Declaratory Judgment of Non-infringement of the '613 patent)

20.     The foregoing paragraphs are incorporated as if set forth herein.

21.     By virtue of Defendant's past litigation history and assertion letter to Cable One, an actual and justiciable controversy exists between Cable One and Defendant as to whether Cable One infringes claim 8 of the '613 patent.

22.     Specifically, Defendant has asserted that Cable One's employment of virtualizing in its network and systems environment infringes claim 8 of the '613 patent.

23.     Cable One does not infringe claim 8 of the '613 patent.  Without limiting the generality of the foregoing and by way of example only, Cable One's use of virtualization does not meet, either literally or under the doctrine of equivalents, at least the following claim limitations found in claim 8 of the '613 patent: "intercepting system calls that establish a file

stored on media," "storing at least one indicator that a file descriptor established by an intercepted system call is associated with a file stored on media," "wherein storing an indicator that an established file descriptor is associated with a file stored on media further comprises storing the indicator in a table."

## VI.   COUNT 2

### (Declaratory Judgment of Non-infringement of the '063 patent)

24.     The foregoing paragraphs are incorporated as if set forth herein.

25.     By virtue of Defendant's past litigation history and assertion letter to Cable One, an actual and justiciable controversy exists between Cable One and Defendant as to whether Cable One infringes claim 4 of the '063 patent.

26.     Specifically, Defendant has asserted that Cable One's Android App infringes claim 4 of the '063 patent.

27.     Cable One does not infringe claim 4 of the '063 patent. Without limiting the generality of the foregoing and by way of example only, Cable One's Android App does not meet, either literally or under the doctrine of equivalents, at least the following claim limitations found in claim 4 of the '063: "storing information to be provided in an information pack," "user data repository," "communicating said information pack by means of a network to said user data repository associated with the user destination address," "locating said information pack in a location of said user data repository associated with the user destination address reserved for information corresponding to a category to which said category identifier corresponds," "creating a custom location in said user data repository," and "placing said information pack in said custom location."

## VII.   COUNT 3

### (Declaratory Judgment of Non-infringement of the '959 patent)

28.     The foregoing paragraphs are incorporated as if set forth herein.

29.     By virtue of Defendant's past litigation history and assertion letter to Cable One, an actual and justiciable controversy exists between Cable One and Defendant as to whether Cable One infringes claim 1 of the '959 patent.

30.     Specifically, Defendant has asserted that Sparklight's website infrastructure infringes claim 1 of the '959 patent.

31.     Cable One does not infringe claim 1 of the '959 patent. Without limiting the generality of the foregoing and by way of example only, Defendant cannot show that Sparklight's website infrastructure meets, either literally or under the doctrine of equivalents, at least the, at least the following claim limitations in claim 1 of the '959 patent: "setting up a forwarding session between the client and a destination server corresponding to the destination website, the forwarding session employing a forwarder disposed between the client and the destination server to forward packets sent from the client to the destination server and to forward packets sent from the destination server to the client," "employing the forwarder to transfer packets between the client and the destination server during the forwarding session, wherein the forwarding session is set up and implemented such that neither the client or the destination server is aware of the employment of the forwarder," and "employing a deceiver configured to communicate with the controller and the client," and "wherein the deceiver receives the request by the client to initiate communication with the destination website and initiates the controller to query the domain name server to resolve the name of the destination website associated with the destination server."

## VIII.   COUNT 4

### (Declaratory Judgment of Non-infringement of the '498 patent)

32.     The foregoing paragraphs are incorporated as if set forth herein.

33.     By virtue of Defendant's past litigation history and assertion letter to Cable One, an actual and justiciable controversy exists between Cable One and Defendant as to whether Cable One infringes claim 1 of the '498 patent.

34.     Specifically, Defendant has asserted that Sparklight's web sites that use Transport Layer Security (TLS) version 1.2 or 1.3 infringes claim 1 of the '498 patent.

35.     Cable One does not infringe claim 1 of the '498 patent. Without limiting the generality of the foregoing and by way of example only, Defendant cannot show that Sparklight's web sites meets, either literally or under the doctrine of equivalents, at least the

following claim limitation of claim 1 of the '498 patent: "determining, by a controller device comprising a processor, a destination internet protocol (IP) address from a plurality of categories for virtual names based on a virtual namespace destination address specified by request data received from a device, wherein a category of the plurality of categories is related to the virtual namespace destination address."

## IX.    COUNT 5

## (Violation of Ariz. Rev. Stat. § 44-1422 *et seq.*)

36.    Defendant has violated the Arizona Patent Troll Prevention Act (Ariz. Rev. Stat. § 44-1422 *et. seq.*). As but one example, Defendants' communications into this District (Exhibits A, F, and G) alleging infringement by Cable One of the Asserted Patents fails to provide "[f]acts relating to the specific areas in which the target's product, service or technology infringes the patent or is covered by the claims in the patent," such as an indication of how any given Cable One product or service satisfies each limitation of any claim of the Asserted Patents. As another example, Defendants' infringement analysis is cursory, unsupported, and without merit.

## X.    PRAYER FOR RELIEF

WHEREFORE, Cable One requests entry of judgement in its favor against Defendant as follows.

a.  A declaration that Cable One does not infringe any claim of the Asserted Patents;

b.  A declaration that this case is exceptional and that Cable One is entitled to an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285;

c.  That Defendants be found in violation of Arizona Patent Troll Prevention Act, § 44-1422 *et seq.,* and awarding Plaintiff damages related to the business disruptions and incurred expenses from investing and responding to the unsupported infringement accusations, among other things; and

d.  Any other such relief as the Court may deem just and proper.

1

## XI.   DEMAND FOR A JURY TRIAL

2       37.     Pursuant to Federal Rule of Civil Procedure 38(b), Cable One hereby demands

3   a trial by jury of all issues so triable in this action.

4

5   Dated:  October 21, 2022                    Respectfully submitted,

6                                           By: */s/ Susan E. Seabrook*
                                            Susan E. Seabrook (AZ BN: 10718)
7                                           SSeabrook@winston.com
                                            WINSTON & STRAWN LLP
8                                           1901 L Street NW
                                            Washington, DC 20036
9                                           Telephone: (202) 282-5000
                                            Facsimile: (202) 282-5100
10
                                            Krishnan Padmanabhan (*pro hac vice forthcoming*)
11                                          KPadmanabhan@winston.com
                                            WINSTON & STRAWN LLP
12                                          200 Park Avenue
                                            New York, NY 10166
13                                          Telephone: (212) 294-6700
                                            Facsimile: (212) 294-4700
14
                                            Attorneys for Plaintiff,
15                                          Cable One, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT